UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | |
|---|---|
| SANDRA M. KIM, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>NEWPARK RESOURCES, INC., et al.,<br><br>          Defendants. | Civil Action No. 2:06-cv-02150-ML-KWR<br><br><u>CLASS ACTION</u><br><br>SECTION E<br>MAG. 4 |
| ROBERT LOWRY, On Behalf of Himself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>NEWPARK RESOURCES, INC., et al.,<br><br>          Defendants. | Civil Action No. 2:06-cv-02320-ML-KWR<br><br><u>CLASS ACTION</u><br><br>SECTION ☒ E<br>MAG. 4 |

[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF PLUMBERS AND PIPEFITTERS
LOCAL 51 PENSION FUND AND MIZRAHI FOR APPOINTMENT AS LEAD PLAINTIFFS
AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL

DAVID B. GALCHUTT, Individually and On )   Civil Action No. 2:06-cv-02395-ML-KWR
Behalf of All Others Similarly Situated,    )
                                             )   CLASS ACTION
                              Plaintiff,     )
                                             )   SECTION E
                  vs.                        )   MAG. 4
                                             )
NEWPARK RESOURCES, INC., et al.,             )
                                             )
                              Defendants.    )
                                             )
_____       )
JAN WALLACE, Individually and On Behalf )   Civil Action No. 2:06-cv-02421-MLCF-KWR
of All Others Similarly Situated,            )
                                             )   CLASS ACTION
                              Plaintiff,     )
                                             )   SECTION E
                  vs.                        )   MAG. 4
                                             )
NEWPARK RESOURCES, INC., et al.,             )
                                             )
                              Defendants.    )
                                             )
_____       )
WILLIAM W. FARR, JR., Individually and  )   Civil Action No. 2:06-cv-02443-ML-KWR
On Behalf of All Others Similarly Situated,  )
                                             )   CLASS ACTION
                              Plaintiff,     )
                                             )   SECTION E
                  vs.                        )   MAG. 4
                                             )
NEWPARK RESOURCES, INC., et al.,             )
                                             )
                              Defendants.    )
                                             )
_____       )

## I.    PRELIMINARY STATEMENT

Presently pending before this Court are five-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Newpark Resources, Inc. ("Newpark" or the "Company") securities between February 28, 2005 and April 17, 2006, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) *of the Securities Exchange Act of 1934*, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Plumbers and Pipefitters Local 51 Pension Fund ("Plumbers and Pipefitters") and class member Eduardo Mizrahi, on behalf of Shamiz S.A.[1] ("Mizrahi"), hereby move this Court for an Order to: (i) appoint Plumbers and Pipefitters and Mizrahi as Lead Plaintiffs in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve Plumbers and Pipefitters and Mizrahi's selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to serve as Lead Counsel and the Lemmon Law Firm to serve as Liaison Counsel.

This motion is made on the grounds that Plumbers and Pipefitters and Mizrahi are the most adequate plaintiffs, as defined by the PSLRA.  Plumbers and Pipefitters is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs).  Moreover, as an institutional investor,

---

[1]    Mr. Mizrahi conducts his investments through Shamiz S.A., a corporation whose purpose is to manage his investments.  Shamiz S.A. is organized under the laws of Mexico and is solely owned by Mr. Mizrahi.

Plumbers and Pipefitters is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class. In addition, individual investors with large amounts at stake, such as Eduardo Mizrahi, are highly motivated to vigorously represent the interests of the plaintiff class.

As evidenced by the attached certifications, Plumbers and Pipefitters and Mizrahi have suffered a substantial loss of $30,475.45 in connection with their purchases of Newpark securities during the Class Period. *See* Lemmon Decl. Ex. B.[2] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Plumbers and Pipefitters and Mizrahi, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND[3]

Newpark, together with its subsidiaries, "provides integrated fluids management, environmental, and oilfield services to the exploration and production industry."

The complaint charges Newpark and certain of its officers and directors with violations of the Securities Exchange Act of 1934. The complaint alleges that, during the Class Period, defendants caused Newpark's shares to trade at artificially inflated levels by issuing a series of materially false and misleading statements regarding the Company's financial statements, business and prospects. As alleged in the complaint, the true facts, which were known by each of the defendants but concealed

---

[2]     References to the "Lemmon Decl., Ex. ___ " are to the exhibits attached to the accompanying Declaration of Andrew A. Lemmon dated June 20, 2006, and submitted herewith.

[3]     These facts are drawn from the allegations in the complaint captioned *William W. Farr, Jr. vs. Newpark Resources, Inc., et al.*, Civil Action No. 2:06-cv-02443-ML-KWR.

from the investing public during the Class Period, were as follows: (a) that Newpark was improperly processing and paying invoices inconsistent with and in violation of Generally Accepted Accounting Principles ("GAAP"); (b) that Newpark had inadequate and deficient internal controls and systems; (c) that, as a result of (a)-(b) above, Newpark's financial statements were grossly inflated and materially misleading; and (d) that, as a result of (a)-(c) above, Newpark had no reasonable basis upon which to issue financial guidance for fiscal 2005.

The complaint further alleges that on March 22, 2006, without warning, Newpark reported that defendant James P. Cole had been replaced as Chief Executive Officer ("CEO") by Paul L. Howes in order to allow Cole to "devote his full energies to the development of the new water treatment technology as Chairman and CEO of Newpark Environmental Water Solutions, a wholly-owned subsidiary of Newpark." Then, on April 17, 2006, Newpark shocked the investing public when it reported that it had commenced an internal investigation regarding "potential irregularities involving the processing and payment of invoices by Soloco Texas, LP, one of the Company's smaller subsidiaries, and other possible violations." Moreover, although not specifically mentioned, defendant Cole had been placed on administrative leave.

Investor reaction was quick and negative with shares of Newpark stock falling more than 17% on April 17, 2006, on more than eight times normal trading volume.

## III.    ARGUMENT

### A.    PLUMBERS AND PIPEFITTERS AND MIZRAHI SHOULD BE APPOINTED LEAD PLAINTIFFS

#### 1.    The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff in the action entitled *Sandra M. Kim vs. Newpark Resources, Inc., et al.*, Civil Action No. 2:06-cv-02150-ML-KWR, caused the first notice regarding the pendency of these actions to be published on *PrimeZone Media Network*, a national, business oriented newswire service, on April 21, 2006.  *See* Lemmon Decl. Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

2.      **Plumbers and Pipefitters and Mizrahi Satisfy The "Lead Plaintiff" Requirements Of The Exchange Act**

      a.      **Plumbers and Pipefitters and Mizrahi Have Complied With The Exchange Act And Should Be Appointed Lead Plaintiffs**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u 4(a)(3)(A) and (B) expires on June 20, 2006. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on April 21, 2006), Plumbers and Pipefitters and Mizrahi timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

Plumbers and Pipefitters and Mizrahi have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. *See* Lemmon Decl. Ex. C. In addition, Plumbers and Pipefitters and Mizrahi have selected and retained competent counsel to represent them and the class. *See* Lemmon Decl. Ex. D-E. Accordingly, Plumbers and Pipefitters and Mizrahi have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

      b.      **Plumbers and Pipefitters and Mizrahi Are Precisely the Type of Lead Plaintiffs Congress Envisioned When It Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Plumbers and Pipefitters and Mizrahi, as an institutional investor and a class member with large amounts of money at stake, respectively, are precisely the type of lead plaintiffs Congress envisioned when it passed the PSLRA. *See id.* ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that the combination of institutional investors and significant individual investors "[a]llow[s] for diverse representation," and "ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants").

          c.      **Plumbers and Pipefitters and Mizrahi Have The Requisite Financial Interest In The Relief Sought By The Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Lemmon Decl. Ex. C., Plumbers and Pipefitters and Mizrahi purchased Newpark securities in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, Plumbers and Pipefitters and Mizrahi incurred a substantial loss of $30,475.45 on their transactions in Newpark securities. Plumbers and Pipefitters and Mizrahi thus have a significant financial interest in this case. Therefore, Plumbers and Pipefitters and Mizrahi satisfy all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B).

d.      **Plumbers and Pipefitters and Mizrahi Otherwise Satisfy Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 11, 1997). Plumbers and Pipefitters and Mizrahi satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather,* Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality

- 7 -

under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Plumbers and Pipefitters and Mizrahi satisfy this requirement because, just like all other class members, they: (1) purchased Newpark securities during the Class Period; (2) purchased Newpark securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Plumbers and Pipefitters and Mizrahi's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Plumbers and Pipefitters and Mizrahi to represent the class to the existence of any conflicts between the interests of Plumbers and Pipefitters and Mizrahi and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Plumbers and Pipefitters and Mizrahi are adequate representatives of the class. As evidenced by the injuries suffered by Plumbers and Pipefitters and Mizrahi, who purchased Newpark securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Plumbers and Pipefitters and Mizrahi are clearly aligned with the

- 8 -

members of the class, and there is no evidence of any antagonism between Plumbers and Pipefitters and Mizrahi's interests and those of the other members of the class. Further, Plumbers and Pipefitters and Mizrahi have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Plumbers and Pipefitters and Mizrahi's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Plumbers and Pipefitters and Mizrahi *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B.   THE COURT SHOULD APPROVE PLUMBERS AND PIPEFITTERS AND MIZRAHI'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Plumbers and Pipefitters and Mizrahi have selected the law firm of Lerach Coughlin as Lead Counsel and the Lemmon Law Firm as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Lemmon Decl. Ex. D-E. Accordingly, the Court should approve Plumbers and Pipefitters and Mizrahi's selection of counsel.

### IV.   CONCLUSION

For all the foregoing reasons, Plumbers and Pipefitters and Mizrahi respectfully request that the Court: (i) appoint Plumbers and Pipefitters and Mizrahi as Lead Plaintiffs in the Actions; (ii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED: June 20, 2006     LEMMON LAW FIRM LLC
            ANDREW A. LEMMON (BAR NO. 18302)


            ANDREW A. LEMMON

- 9 -

15058 River Road
Hahnville, LA  70057
Telephone:  985/783-6789
985/783-1333 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
PAUL J. GELLER
197 S. Federal Highway, Suite 200
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

ADEMI & O'REILLY, LLP
GURI ADEMI
SHPETIM ADEMI
3620 East Layton Avenue
Cudahy, WI  53110
Telephone:  414/482-8000
414/482-8001 (fax)

Additional Counsel for Plaintiffs

C:\Documents and Settings\malba.GELLER_RUDMAN\My Documents\newpark\060620 Memo In Supp.doc